UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GARY EAST, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| *vs*. | ) | 1:09-cv-00137-JMS-WTL |
| | ) | |
| MICHAEL J. ASTRUE, ACTING COMMISSIONER | ) | |
| OF THE SOCIAL SECURITY ADMINISTRATION, | ) | |
|     *Defendant*. | ) | |

## ORDER

Presently before the Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (the "Fee Petition"). [Dkt. 25.] Through it, Plaintiff seeks $3,450.00 for prevailing against the government in the this Social Security disability case.

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, requires the Court to award prevailing parties like Mr. East attorney's fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner here argues only that its position was substantially justified.

As the Seventh Circuit has noted, "[t]he key statutory term, 'substantially justified,' is neither defined nor self-evident." *United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 381 (7th Cir. 2010). Nonetheless, courts have interpreted it to require the government's position to have been "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person and hence has a reasonable basis both in law and fact. The case must have sufficient merit to negate an inference that the government was coming down on its small opponent in a careless and oppressive fashion." *Id.* at 381-82 (citations, quotations, and alteration omitted).

Here, the Commissioner has failed to establish that his decision to defend the ALJ's decision before this Court was a reasonable one.  Although the Court didn't agree with every argument that Mr. East raised, it did agree with him on two important respects.  First, the Commissioner entirely ignored Mr. East's Medicaid status—despite both his own regulation and a Social Security Ruling that specifically require the consideration of such evidence.  *See* 20 C.F.R. § 4004.1512(b)(5); SSR 06-03p.  Second, the Commissioner denied Mr. East benefits without consulting a medical expert at Step Three, despite clear regulations and precedent mandating such an expert.  *See Wadsworth v. Astrue*, 2008 U.S. Dist. LEXIS 55923, *20 (S.D. Ind. 2008) (Hamilton, C.J.).[1]  Given those—obvious—problems with the benefits denial, this case was an easy one for remand and is, therefore, subject to EAJA fee-shifting.  *See Ervin v. Astrue*, 1:08-cv-00970-DFH-DML, dkt. 31 (S.D. Ind. Feb. 23, 2010) (Hamilton, J.) ("[I]t will probably be an abuse of discretion to deny fees if the case for remand is strong and clear-cut.").

Because the Commissioner hasn't contested the amount of the proposed fee, the Court will award it in full.

The Commissioner did, however, take issue with the proposal of paying the fee directly to Mr. East's attorney, arguing that such a payment is not permitted under the EAJA absent evidence of an assignment (not present here).  [Dkt. 27 at 6.]  The Court interprets Mr. East's failure to file a reply brief as an acknowledgment of the correctness of the Commissioner's interpretation of the EAJA.

Accordingly, the Fee Petition is **GRANTED** to the extent that the Commissioner must pay a $3,450.00 fee award pursuant to the EAJA but **DENIED** to the extent that it seeks to have the award directly paid to Mr. East's attorney, rather than to Mr. East himself as is required here.

---

[1] The Court also found error regarding the hypothetical posed to the vocational expert.  But that error was not nearly so clear cut as the other two errors were.

04/30/2010

                                                  Jane Magnus-Stinson
                                                  United States Magistrate Judge
                                                    Southern District of Indiana

**Distribution via ECF only:**

Charles D. Hankey
charleshankey@hankeylawoffice.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov